UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

In re:                          }
                                }
DANNY INGRAM,                   }        Case No. 22-41274-JJR13
                                }
        Debtor.                 }

## OPINION AND ORDER DENYING PLAN CONFIRMATION

The Debtor's amended chapter 13 plan (Doc. 25 and herein, the "Plan") came before the Court for confirmation on March 9, 2023. The Trustee objected to confirmation and moved to dismiss the case (Doc. 26) on several grounds including, *inter alia*, the excessive length of the Plan's term beyond thirty-six months. The Trustee also questioned whether the Plan was proposed in good faith as required for confirmation under § 1325(a)(3) of the Bankruptcy Code (11 U.S.C. § 101, *et seq.* and herein, the "Code"). The Court agrees with the objections raised by the Trustee and denies confirmation of the Plan.

This is the Debtor's fourth bankruptcy case over the course of the past twenty years. The Debtor is single with no dependents and has below-median[1] monthly income of $1,390 from Social Security. (Doc. 1 p.27.) The Plan has a term of sixty months and will pay nothing to unsecured creditors but will pay an attorney fee balance of $4,075 (with $425 having been paid prepetition); a secured claim of $1,259.71 owed to a title loan company for a 2003 Chevrolet

---

[1] The Debtor's Form 122C Current Monthly Income / Disposable Income calculation shows he is below median. Code § 1322(d)(2) limits the term of his Plan to three years unless the Court finds cause for a longer term, not to exceed five years.

Monte Carlo valued on the Debtor's Plan at $1,000 but valued in the creditor's claim at $575;[2] plus the case filing fee of $313. The Debtor has no other secured or priority debts. At the confirmation hearing, the court expressed its concern that the Debtor was proposing to pay a total Plan base of $6,563.40 to save a car worth $575 over the course of five years.[3]

As this Court noted in *In re Davis*, 2012 WL 3239204 (Bankr. N.D. Ala. 2012), below-median debtors should presumptively have three-year repayment plans. The Eleventh Circuit explained the three-year maximum period for below-median debtors by saying, "Section 1322(d) delineates the maximum periods of time for a Chapter 13 bankruptcy while § 1325(b)(4) sets out the minimum periods of time for Chapter 13 bankruptcy, with both the minimums and maximums contingent upon the debtor's classification as an above median or below median income debtor." *In re Tennyson*, 611 F.3d 873, 878 (11th Cir. 2010).

For under-median debtors, such as the Debtor in the instant case, § 1322(d) limits a plan's term to three years "unless the court, *for cause*, approves a longer period [not to exceed five years]" (emphasis added). As this court interprets the statutory requirement, the cause justifying a term longer than three years for a below-median debtor cannot simply be for any purpose suggested by a debtor. The cause justifying a term longer than three years should support an objectively reasonable benefit that outweighs the additional financial burden imposed on the debtor and the administrative burden on the Trustee by the longer term. A debtor has the

---

[2] The creditor's claim (claim 10) shows a value of only $575.00 for a pawn dated October 3, 2022, and maturing on November 2, 2022, before this case was filed within the 30-day grace period on November 30, 2022. The Trustee will pay the claim its full secured amount as filed, regardless of the lower value shown on the claim, as the Plan is currently proposed. The Debtor has not proposed to cramdown the secured claim to match the value in the current iteration of the Plan.

[3] At the end of the Plan's 60-month term the Debtor's car will be 25 years old.

burden to demonstrate cause in any case at the confirmation hearing if such is not evident on the face of the plan, schedules, and creditors' claims.[4]

In this case, the court cannot find the necessary cause to extend the term of the Plan beyond thirty-six months for this below-median Debtor given the tremendous discrepancy between the value of the asset being preserved and the high cost to the Debtor and estate, and the administrative burden on the Trustee. The court suggested the Debtor consider converting his case to chapter 7 and pursuing a reaffirmation agreement with the title pawn creditor. But in any event, the Court will not be complicit in burdening this Debtor with a five-year commitment that will cost him eleven times the secured claim filed by the creditor.

The court also finds that the Debtor has not shown the Plan to be proposed in good faith, under the nonexhaustive *Kitchens*[5] factors, because the term is too long and the benefit to the

---

[4] For example, a debtor's proposed plan may include a large home mortgage arrearage, a domestic support obligation, or a priority tax claim that he cannot feasibly pay unless the term is longer than three years.

[5] *Kitchens v. Georgia Railroad Bank and Trust Co. (In re Kitchens)*, 702 F.2d 885 (11th Cir. 1983). The *Kitchens* factors are:

> "the amount of the debtor's income from all sources"; (2) "the living expenses of the debtor and his dependents"; (3) "the amount of attorney's fees"; (4) "the probable or expected duration of the debtor's Chapter 13 plan"; (5) "the motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13"; (6) "the debtor's degree of effort"; (7) "the debtor's ability to earn and the likelihood of fluctuation in his earnings"; (8) "special circumstances such as inordinate medical expense"; (9) "the frequency with which the debtor has sought relief under the Bankruptcy Reform Act and its predecessors"; (10) "the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors"; (11) "the burden which the plan's administration would place on the trustee"; (12) "the extent to which claims are modified and the extent of preferential treatment among classes of creditors"; (13) "substantiality of the repayment to the unsecured creditors"; and (14) "other factors or exceptional circumstances."

*In re Brown*, 742 F.3d 1309, 1316–17 (11th Cir. 2014) quoting *Kitchens*, 702 F.2d at 887-88.

Debtor too small relative to the cost. The primary motivation as the Plan is currently structured is to pay the attorney unreasonably more than is being paid to save the Debtor's car. Also, the substantiality of repayment to creditors is far too small to justify a five-year term, and perhaps too small to justify being in chapter 13 at all. *See Brown*, 742 F.3d at 1319 (11th Cir. 2014) (affirming dismissal of a fee-only chapter 13 as this court applied the *Kitchens* factors, but not categorically prohibiting them, depending upon the circumstances of each case); *see also In re Powe*, 2020 WL 6065178 (Bankr. S.D. Ala. 2020) (Judge Callaway applying *Brown* and finding that the attorney fee should be reduced to that allowed for a chapter 7 when the attorney is the primary beneficiary of payments under the plan).

Accordingly, for the reasons stated above, the Trustee's Objection (Doc. 26) to confirmation is SUSTAINED, and confirmation of the Plan (Doc. 25) is hereby DENIED. The Debtor shall be allowed 14 days from entry of this Order to propose, in good faith, an amended, feasible plan with a three-year term and with a reasonable attorney fee, or to file a notice converting the case to one under chapter 7. If an amended plan is timely filed, it will be set to consider confirmation in due course. If no amended plan or conversion notice to chapter 7 is timely filed, this case will be dismissed by separate order.

So done and ordered this 15th day of March 2023.

/s/ James J. Robinson
JAMES J. ROBINSON
U.S. BANKRUPTCY JUDGE

4

Case 22-41274-JJR13   Doc 28   Filed 03/15/23   Entered 03/15/23 15:50:56   Desc Main
Document    Page 4 of 4